UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER WILLIAM HARRIS,

Plaintiff,

v.

STATE OF WASHINGTON, et al.,

Defendants.

Case No. 2:23-cv-01928-TSZ-TLF

REPORT AND RECOMMENDATION

Noted for **March 22, 2024**

Plaintiff, a detainee at the Federal Detention Center, in SeaTac, Washington, is unrepresented by counsel, and has filed a motion to be granted leave to proceed *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil rights action. Dkts. 1, 1-1. The case has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court finds plaintiff's complaint is subject to dismissal -- it names improper defendants, seeks relief from defendants who are immune, and otherwise fails to state a claim upon which relief may be granted. Furthermore, leave to amend is not warranted as it appears clear no amendment would remedy the deficiencies identified herein.

Therefore, the undersigned recommends that the Court dismiss this action without prejudice prior to service. The Court further recommends that plaintiff's motion to proceed IFP should be denied and the additional motions -- seeking punitive

damages, motion for declaratory/injunctive relief, motion for service, motion to "expedite", "motion seeking mediation" and motion for habeas corpus (Dkts. 1, 4, 5, 6, 8, 9, 10) should be denied as moot as plaintiff has failed to file a viable complaint.

**BACKGROUND**

Plaintiff's complaint, brought pursuant to 42 U.S.C. § 1983, alleges his constitutional rights were violated by his physical confinement and/or limitations on his liberty imposed by probation or supervised release pursuant to seven prior state court criminal cases between 2005 and 2017.[1] *Id.* at 19-21. Plaintiff contends his detention and/or convictions on charges related to simple possession of a controlled substance were rendered unconstitutional by the Washington Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170 (2021).[2] *Id.* at 11.

Plaintiff attaches a portion of a document to his complaint, which he represents is a parole or probation document, and which appears to contain a summary of plaintiff's arrest history. *Id.* at 19-21. The document reflects that all seven cases plaintiff cites to were dismissed. *Id.* In one case, from 2014, the document reflects the charges were dismissed several days after plaintiff was arrested and the remaining cases, for which plaintiff was convicted, were dismissed in 2022 pursuant to *Blake*. *Id.*; *Blake*, 197 Wn.2d 170.

---

[1] Plaintiff alleges his constitutional rights were violated by his incarceration and any time he, his vehicle, or residence was "stopped, harassed and searched" while he was on probation or incarcerated pursuant to these seven criminal matters. Dkt. 1-1.

[2] In *Blake*, the Washington Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013, was unconstitutional because it criminalized unintentional, unknowing possession of controlled substances. *See Blake*, 197 Wn.2d at 173-74.

Plaintiff names as defendants the State of Washington, City of Everett, City of Kent, Mayor of Everett, Mayor of Kent, Everett City Attorneys Christopher D. Lee and Scott Alan Marlow, and "John/Jane Does #1-10" - employees of the cities of Everett and Kent. *Id.* at 9-11. Plaintiff seeks monetary damages as well as injunctive relief of an unidentified nature and declaratory relief in the form of a statement that his constitutional rights were violated. *Id.* at 9, 17-18.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff names several defendants who are immune or who are not proper defendants in a § 1983 action and otherwise fails to state a claim upon which relief may be granted.

**A. State of Washington**

The State of Washington is not a proper defendant in a § 1983 action. Such a claim may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982).

The State of Washington cannot be sued under § 1983 and is an improper defendant in this case.

**B. Prosecuting Attorneys, Cities of Everett and Kent, and Mayors of Everett and Kent, , "John/Jane Does #1-10" - employees of the cities of Everett and Kent**

Plaintiff brings claims against defendants Everett City Attorneys Christopher D. Lee and Scott Alan Marlow for prosecuting his criminal cases related to simple possession of a controlled substance between 2005 and 2017. Plaintiff also appears to allege the Cities of Everett and Kent and the Mayors of Everett and Kent, violated his

rights by enforcing state law at the time and allowing plaintiff to be arrested and prosecuted on the charges related to simple possession of a controlled substance between 2005 and 2017. Plaintiff also names "John/Jane Does #1-10" – employees of the cities of Everett and Kent but does not identify these individuals by name or identify any specific action these defendants allegedly took that violated his rights.

Plaintiff does not allege that any Washington State Court had determined that the statute making simple possession of a controlled substance illegal was unconstitutional when he was arrested, prosecuted, convicted, or sentenced on his criminal cases between 2005 and 2017. The Washington Supreme Court decided *Blake* in 2021 and found the relevant statute, RCW 69.50.4013, to be unconstitutional. *Blake*, 197 Wn.2d 170. Because the statute had not been invalidated during the entire period applicable to plaintiff's arrests, convictions, and confinement, he cannot establish any of the defendants intentionally or knowingly caused plaintiff to be arrested or prosecuted for a crime they knew was invalid. *See Thibodeaux v. Brittain*, No. 321CV05701RSMBAT, 2021 WL 9334203, at *2 (W.D. Wash. Sept. 27, 2021), *report and recommendation adopted*, No. 3-21-CV-05701-RSM-BAT, 2022 WL 3646788 (W.D. Wash. Aug. 24, 2022) (dismissing plaintiff's complaint against defendants who prosecuted plaintiff on charges of simple possession of a controlled substance prior to the decision in *Blake*, stating "[t]he *Blake* decision did not exist from the initiation through the completion of Plaintiff's criminal prosecution and does not serve as a basis upon which one could rely in finding Defendants somehow acted impermissibly."); *Slack v. Washington*, No. 2:23-CV-0689-RJB-GJL, 2023 WL 4424519, at *3 (W.D. Wash. June 20, 2023), *report and recommendation adopted*, No. 2:23-CV-0689-RJB-GJL, 2023 WL 4422379 (W.D.

Wash. July 10, 2023) (dismissing plaintiff's complaint against city defendant at screening, stating "[b]ecause the statute was valid during the entire time period applicable to Plaintiff's arrests, convictions and confinement here, Plaintiff cannot establish any police officer, or the City of Seattle, intentionally or knowingly caused Plaintiff to be arrested for a crime they knew was invalid.").

The Court also notes that prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* at 1075 (quoting *Imbler*, 424 U.S. at 427).

Here, plaintiff alleges defendants prosecuted him for violating a statute that was later declared to be unconstitutional. Dkt. 1-1. These allegations relate directly to the defendants' prosecutorial function. Thus, defendants Lee and Marlow have immunity as prosecutors and, therefore, plaintiff has failed to state a claim against them for damages.

Furthermore, to the extent plaintiff alleges the defendant City Mayors are liable for "passing" the state law at issue, he fails to allege facts that would plausibly demonstrate the Mayors of Everett and Kent were, in fact, responsible for passing the state law at issue. Moreover, "[u]nder the doctrine of legislative immunity, members of Congress and state legislators are entitled to absolute immunity from civil damages for

their performance of lawmaking functions." *Jones v. Allison*, 9 F.4th 1136, 1139–40 (9th Cir. 2021) (citation omitted). Thus, even if the plaintiff asserted facts to show defendant City Mayors could be considered somehow responsible for passing the subject state law, they would be immune from any claim for damages for actions taken in their lawmaking functions.

Although a local government unit or municipality can be sued as a "person" under § 1983, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978); *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992). Here, plaintiff has not asserted facts to show any policy of the Cities of Everett or Kent violated his rights.

Finally, although plaintiff also seeks injunctive relief and declaratory relief, he fails to adequately identify the specific relief he seeks and/or fails to demonstrate such relief would be appropriate in this case. For instance, plaintiff's complaint reflects he is no longer in custody pursuant to the charges/convictions in his criminal cases and that his convictions have already been vacated pursuant to the holding in *Blake* which found RCW 69.50.4013 unconstitutional. *Blake*, 197 Wn.2d 170.

Accordingly, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A as it names improper defendants, seeks monetary relief from defendants who

are immune, and otherwise fails to state a claim upon which relief may be granted. Furthermore, leave to amend is not warranted because it appears clear that the deficiencies identified above cannot be cured by amendment. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (leave to amend need not be granted where amendment would be futile or where the amended complaint would be subject to dismissal).

**C. Motions for IFP, Punitive Damages, Declaratory/Injunctive Relief, for Service, to Expedite Case, for Mediation, and for Habeas Corpus**

Plaintiff has also filed motions to proceed IFP, seeking punitive damages, declaratory/injunctive relief, requesting that the Court serve his complaint, requesting the Court “expedite” his case, requesting mediation, and requesting habeas corpus. Dkts. 1, 4, 5, 6, 8, 9, 10. However, plaintiff has not filed a viable complaint and these motions do not remedy the deficiencies in plaintiff’s complaint.[3] Accordingly, the Court recommends that plaintiff’s motion seeking to proceed IFP (Dkt. 1) should be denied because the complaint does not state any viable claim for relief and any amendment would be futile, and the additional motions -- for punitive damages, motion for declaratory/injunctive relief, motion for service, “motion seeking mediation”, and motion for habeas corpus (Dkts. 4, 5,6, 8, 9,10) should be denied as moot as plaintiff has failed to file a viable complaint.

[3] The Court notes that to the extent plaintiff attempts to raise new allegations and claims in these motions, his allegations do not remedy the deficiencies in his complaint and are too conclusory to state a claim.

**CONCLUSION**

For the foregoing reasons, the Court recommends this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A as plaintiff names improper defendants, seeks relief from defendants who are immune, and otherwise fails to state a claim upon which relief may be granted. The Court further recommends the Court should count this dismissal as a strike under 28 U.S.C. § 1915(g).[4]

A prisoner may only have three dismissals that would fit within the criteria for a "strike" under 28 U.S.C. § 1915(g); after the third dismissal, the prisoner would not be granted leave to proceed *in forma pauperis* unless they can show imminent danger of serious physical injury. In this case, the dismissal fits the criteria for categories identified as a "strike" because a dismissal would be based on failure to state a claim, and because plaintiff seeks damages against defendants who would be immune. 28 U.S.C. § 1915(g); 28 U.S.C. § 1915A. Screening statutes allow for dismissal due to an affirmative immunity defense, even if it has not yet been raised by the defendant. 28 U.S.C. § 1915A(a), (b)(2); *see Chavez v. Robinson*, 817 F.3d 1162, 1167-1169 (9th Cir. 2016) (deciding that in some cases, the Court may dismiss, prior to service of a complaint, when the plaintiff's allegations assert facts that clearly show on the face of the complaint "the plaintiff can present no evidence that could overcome a defense of qualified immunity"); *see also, Small v. Brock,* 963 F.3d 539 (6th Cir. 2020) (discussing the Ninth Circuit's analysis in *Chavez v. Robinson,* and approving of this analysis).

---

[4] The Court notes that it appears plaintiff does not have any previous strikes at this time. Although plaintiff has had two cases dismissed for failure to state a claim, it appears he commenced these cases when he was not incarcerated or detained and, therefore, was not subject to 28 U.S.C. § 1915(g). *See Harris v. American Behavioral Health System*, No. 2:23-00989-KKE, 2024 WL 69639 (W.D.Wash. Jan. 5, 2024); *Harris v. Combs*, No. 2:23-cv-00988-KKE, 2024 WL 324513 (W.D. Wash. Jan. 29, 2024).

As a best practice, the district court should expressly state whether a dismissal falls into one of the categories that constitutes a strike and if so, the reasoning under 28 U.S.C. § 1915(g). *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013). If the plaintiff attempts to use a habeas corpus petition as a way to avoid the "strike", the Court should look at the substance of the claims to determine whether the "complaint evince[s] a clear intention to state a habeas claim." *Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir. 1995). If it is actually a cause of action to challenge the fact or duration of the individual's confinement, then the Court should construe it as such and allow the plaintiff to submit the case as a habeas corpus petition. *El-Shaddai v. Zamora,* 833 F.3d 1036, 1046-1047 (9th Cir. 2016). The mis-labeled civil rights complaint would not be considered a strike if it actually should be characterized as a habeas corpus petition. *Id.* at 1047.

Although plaintiff has filed a document identified as "Filing motion: Habeas corpus 'writ' Opening Brief: The retroactive effect of a holding of unconstitutionality and collateral remedies – Post Conviction Relief", it does not appear he is asking the Court to convert his civil rights complaint into a federal habeas corpus petition. *See* Dkt. 10, at 2 (citing 28 U.S.C. § 2254(d)). It would appear from the allegations of the complaint, Dkt. 1-1, that the state court convictions were reversed, vacated, dismissed, or sentences imposed for convictions discussed in the complaint have been served. *See* Dkt. 1-1, at 14-16. If he is no longer in custody under any judgment and sentence that he has identified in his complaint, from a state court, federal habeas corpus relief would not be available under 28 U.S.C. § 2254(d).

The proposed complaint alleges claims against entities and individuals and asks for damages. Dkt. 1-1, at 8-13. Plaintiff argues that qualified immunity would not apply. *Id.* at 10-11. The arguments in the complaint are consistent with plaintiff's intention to seek relief under 42 U.S.C. § 1983.

Plaintiff's motion to proceed IFP (Dkt. 1, Dkt. 1-1) should be denied, and the complaint should be dismissed, for the reasons discussed above; the additional motions, seeking punitive damages, motion for declaratory/injunctive relief, motion for service, motion to "expedite", and "motion seeking mediation", and "Filing motion: Habeas corpus 'writ' Opening Brief: The retroactive effect of a holding of unconstitutionality and collateral remedies – Post Conviction Relief" (Dkts. 4, 5, 6, 8, 9, 10) should be DENIED as moot as plaintiff has failed to file a viable complaint. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **March 22, 2024**, as noted in the caption.

Dated this 29th day of February, 2024.

Theresa L. Fricke
United States Magistrate Judge